**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD LAWRENCE STEWART, | No. 13-15499 |
| Petitioner - Appellant, | D.C. No. 3:12-cv-01474-RS |
| v. | |
| RALPH M. DIAZ, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted June 13, 2014[**]
San Francisco, California

Before: O'SCANNLAIN, SACK[***], and BEA, Circuit Judges.

Richard Stewart pled guilty to petty theft for stealing two watches, each

worth $29.99. Because of his extensive criminal history, a California court

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert D. Sack, Senior Circuit Judge for the U.S.
Court of Appeals for the Second Circuit, sitting by designation.

sentenced him to a prison term of twenty-five-years-to-life. Applying *Ewing v. California*, 538 U.S. 11 (2003), the California Court of Appeal ruled that Stewart's punishment was not "grossly disproportionate" under the Eighth Amendment because his criminal history included repeated, serious offenses.

The district court denied Stewart's petition for a writ of habeas corpus under the deferential standard established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). On appeal, Stewart argues that the California Court of Appeal unreasonably applied "clearly established Federal law, as determined by the Supreme Court of the United States." *Id.*

Stewart's criminal history includes very serious violent crimes: forcible oral copulation in concert and assault with a deadly weapon. That fact easily distinguishes this case from cases in which the defendant had committed only nonviolent crimes. *Cf. Solem v. Helm*, 463 U.S. 277, 280, 303 (1983) (ruling that a life sentence without the possibility of parole was "significantly disproportionate" to "minor criminal conduct" when the defendant had no history of committing violent crimes); *Ramirez v. Castro*, 365 F.3d 755, 768 (9th Cir. 2004) (granting habeas relief when a defendant had committed only nonviolent offenses).

Stewart argues that he cannot be sentenced so harshly for such a "trivial" crime regardless of his criminal history. In the context of AEDPA, such argument

is foreclosed by *Lockyer v. Andrade*, in which the Supreme Court held that a state court did not unreasonably apply clearly established federal law by affirming two consecutive twenty-five-year sentences for stealing $153.54 worth of videotapes. 538 U.S. 63, 66, 77 (2003).

Stewart also argues that it was unreasonable for the California Court of Appeal to consider crimes that he committed as a minor. He relies on *Graham v. Florida*, 560 U.S. 48, 82 (2010), which prohibits life-without-parole sentences for non-homicide crimes committed by minors, and *Roper v. Simmons*, 543 U.S. 551, 577 (2005), which prohibits executions for crimes committed by minors. It was reasonable for the California Court of Appeal to conclude that those cases do not prohibit the consideration of crimes committed as a minor in imposing a sentence of imprisonment for less than the life of the defendant.

We cannot conclude that the California Court of Appeal unreasonably applied clearly established federal law.

**AFFIRMED.**